**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JAVIER H.O., | |
| Petitioner, | Civil No. 26-1212 (JRT/ECW) |
| v. | |
| PAMELA BONDI, *United States Attorney General*; | |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; | **MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and | |
| DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Graham Blair Ojala-Barbour, **OJALA-BARBOUR LAW FIRM**, 1100 Seventh Street West, Saint Paul, MN 55102, for Petitioner.

David W. Fuller and Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Javier H.O. was detained by U.S. Immigration and Customs Enforcement

("ICE") officials on February 7, 2026.  (Verified Pet. for Writ of Habeas Corpus ¶ 1, Feb. 8,

2026, Docket No. 1.)  The next day, Petitioner filed a petition for writ of habeas corpus,

challenging the lawfulness of his detention. (*Id.*)  Because the Court concludes that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

**DISCUSSION**

Petitioner Javier H.O. is a citizen of Mexico. (*Id*. ¶ 44.)  He has lived in the United States "since the 1990s" and was "granted Parole in Place by USCIS based on the military service of his . . . son," who is a U.S. citizen. (*Id.* ¶ 46–47.)  Petitioner is currently detained in Minnesota.  (*Id.* ¶ 49.)

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention.  The Court rejects that justification.  After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025); *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025).  Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

Respondents have provided the Court with an administrative warrant dated February 7, 2026, and contend that "if the Court determines Petitioner is detained under § 1226(a) and not under § 1225(b)(2), then the appropriate remedy is to order a custody redetermination hearing instead of immediate release."  (Resp. at 1–2, Feb. 11, 2026, Docket No. 4.)

First, the Court notes that Respondents have not provided any declaration attesting to the warrant's validity, confirming the identity of the officials who executed the warrant or carried out the arrest, or describing the warrant's legal basis. Second, the Court observes that the I-200 form is dated the same day as Petitioner's detention, and it appears that the same officer both authorized and executed the warrant, indicating that it was issued either in the field or after Petitioner was arrested and detained. The Court is persuaded by the reasoning put forth in *Castanon Nava v. Department of Homeland Security*—that ICE lacks statutory and regulatory authority to engage in a policy of issuing I-200 warrants to collaterals in the field without the concurrent or prior issuance of a notice to appear (NTA). Civ No. 18-3757, 2025 WL 2842146, at *17 (N.D. Ill. Oct. 7, 2025). And finally, Respondents do not address Petitioner's allegation that he possesses Parole in Place status as a family member of a member of the United States military—Respondents do not state whether that status has been revoked, and if so, whether Petitioner was provided with any process related to that revocation. For these reasons, the Court concludes that the attached warrant does not alter the Court's analysis here.

At bottom, it is clear to the Court that Respondents continue to assert that § 1225(b) authorizes Petitioner's detention, not § 1226. And as explained above, § 1225(b) is not a lawful basis for detention.

The Court therefore turns to the proper remedy.  Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b) and (2) Respondents have not produced a valid warrant pursuant to § 1226(a), the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Javier H.O.'s petition for writ of habeas corpus and will order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Javier H.O.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 17, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 14, 2026
at Minneapolis, Minnesota.
Time: 9:08 a.m.

JOHN R. TUNHEIM
United States District Judge